### Florence Bowler Cash, Defendant in Error, v. Elgin T. Cash, Plaintiff in Error.

### (Not to be reported in full.)

Error to the Circuit Court of St. Clair county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

### Statement of the Case.

Action by Florence Bowler Cash against her husband, Elgin T. Cash, for separate maintenance, in which the court entered a decree that she was entitled to the relief prayed for, and ordered her husband to pay her $75 a month for alimony, and a further sum of $600 for her support and maintenance from July, 1912, to June 30, 1913; also that he pay her $350 as solicitor's fees and expenses of suit, with the additional provision that if the decree was appealed from or writ of error sued out upon the same, that he pay her the further sum of $100 for solicitor's fees in the Appellate Court. It was also decreed that defendant in error should have and hold as her own, certain household furniture and personal property. From which decree the husband prosecutes a writ of error.

This case was previously before the court on appeal (See 180 Ill. App. 31).

The evidence showed that plaintiff in error was engaged in the commission business, buying and selling live stock; that his books showed that he sold hogs of the value of $3,000,000 for each year, and for the five months of 1913 preceding the trial, the amount of credits received by him aggregated more than $2,000,-000; that during the five months previous to the last trial he bought and sold more than 100,000 hogs; that at the time of the second trial he was paying to one of his office employees, who was his uncle, $150 a

month, to another employee $90 a month, and two others $75 a month; that his rent was $20 a month, and his telegraph and telephone bills something like $200 a month. In addition to this there was evidence of personal expenses to a considerable amount incurred by him. It also appeared that he was the owner of real estate valued at several thousand dollars and owned an automobile valued at some $2,000. As to the standard of living to which his wife had been accustomed, it appeared that it had cost plaintiff in error about $150 a month when they were living together to keep his house.

D. J. SULLIVAN, for plaintiff in error.

KRAMER, KRAMER & CAMPBELL, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. HUSBAND AND WIFE, § 243*—*when allowance of alimony for separate maintenance not excessive.* An allowance of $75 a month to a wife as alimony in a proceeding for separate maintenance, *held* not excessive under the evidence.

2. HUSBAND AND WIFE, § 249*—*when allowance of solicitor's fees in separate maintenance suit not excessive.* The allowance of $350 to a wife for expenses and solicitor's fees in an action for separate maintenance, together with an additional sum of $100 in the event of an appeal, *held* not excessive under the evidence.

3. HUSBAND AND WIFE, § 242*—*when household goods awarded wife in separate maintenance suit.* A wife should not be awarded the ownership of household furniture and goods in a separate maintenance proceeding, since to do so would amount to the allowance of alimony in gross.

Vol. CXCIV 10.